IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MARTINEZ,

       Plaintiff,                  No. 2:10-cv-0090 (PC) JFM

    vs.

CHRISTOPHER MILLS, et al.,

       Defendants.         <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This matter is proceeding before a United States Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c).  <u>See</u> Consents filed February 16, 2010, June 17, 2010.

       On February 4, 2011, defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  On March 31, 2010, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  <u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-12 (9th Cir. 1988).   In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion might be deemed a waiver of opposition to the motion.

On March 16, 2011, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days.  In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).  On plaintiff's motion, that thirty day period was extended an additional sixty days.  The extended period has now expired and plaintiff has not responded to the court's order or to defendants' motion.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly support dismissal of this action.  The action has been pending for one and a half years and has reached the stage, set by the court's July 21, 2010 scheduling order, for resolution of dispositive motions.  (See Scheduling Order, filed July 21, 2010.)  Plaintiff's failure to comply with the Local Rules and the court's March 16, 2011 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.[1]

---

[1]  In his April 18, 2011 motion for extension of time, plaintiff requested postponement of the summary judgment motion following his release from a drug rehabilitation program, which he anticipated would happen "within a year."  Motion, filed April 18, 2011.  The court construed this as a Rule 56(d) request and denied it for failure to make the showing required by that rule.

1        The fifth factor also favors dismissal.  The court has advised plaintiff of the

2 requirements under the Local Rules and granted ample additional time to oppose the pending

3 motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

4        Under the circumstances of this case, the third factor, prejudice to defendants

5 from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

6 oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963

7 F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to

8 continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition

9 of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the

10 reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third

11 factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh

12 the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at

13 1263.[2]

14        For the foregoing reasons, IT IS HEREBY ORDERED that this action is

15 dismissed pursuant to Federal Rule of Civil Procedure 41(b).

16 DATED: July 11, 2011.

17

18                             UNITED STATES MAGISTRATE JUDGE

19

20 12;mart0090.46dm

21

22 The court did, however, grant plaintiff an additional sixty days in which to file and serve a response to the motion.  As noted above, plaintiff has filed nothing further.

23

24    [2]  In their reply brief, filed July 5, 2011, defendants request that the court consider all of the facts tendered by defendants in support of their motion to be undisputed in light of plaintiff's failure to respond and to grant the motion if the facts demonstrate entitlement under the law to

25 judgment in their favor.  In view of this court's warning to plaintiff that failure to oppose the motion would result in a dismissal pursuant to Fed. R. Civ. P. 41(b), defendants' request is

26 denied.